Filed 3/21/25  P. v. Zuniga CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084677 |
| v. | (Super.Ct.No. BAF1500731) |
| GABRIEL AMBROSIO ZUNIGA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles J. Koosed, Judge.  Dismissed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

On July 7, 2016, a jury found defendant and appellant Gabriel Ambrosio Zuniga guilty of willfully inflicting corporal injury on a cohabitant (Pen. Code,[1] § 273.5, count 1) and violating a protective order (§ 166, subd. (c)(1), count 2).[2] Defendant thereafter admitted he had suffered five prior prison terms (§ 667.5, subd. (b)) and two prior strike convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(a)). The court sentenced defendant to state prison for 10 years;[3] the court struck one of the five prior prison term enhancements. (*People v. Zuniga* (May 4, 2018, E066918) [nonpub. opn.] (*Zuniga*).)

Defendant appealed. This court affirmed the judgment. (*Zuniga*, *supra*, E066918.) On October 27, 2023, pursuant to the parties' stipulation, the court recalled defendant's sentence and resentenced him to six years striking the four remaining prior prison term enhancements.

The court later set a hearing for resentencing pursuant to a letter received from the California Department of Corrections and Rehabilitation. Defense counsel filed a brief requesting that the court strike both prior strike convictions. The People filed opposition noting, in part, that defendant had already been released from prison. On August 26,

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] The court also found defendant in violation of his probation in two separate cases based upon the jury's verdict.

[3] The court denied defendant's motion to strike one of his prior strike convictions.

2

2024, at a hearing at which counsel represented defendant, the court denied the request for resentencing.

Counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of the case and identifying one potentially arguable issue: whether the court erred in declining to strike defendant's prior strike convictions.

We gave defendant the opportunity to file a personal supplemental brief. We noted that if he did not do so, we could dismiss the appeal; nevertheless, he has not filed one. Under these circumstances, we have no obligation to independently review the record for error. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 224-231.) Rather, we dismiss the appeal. (*Id*. at pp. 231-232.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

FIELDS
J.

RAPHAEL
J.

3